*Stip does not directly affect plan. Confirmation 10/29*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kristie L. Murphy fka Kristie L Myers<br>　　　　　　　　　　Debtor | CHAPTER 13 |
| MIDFIRST BANK<br>　　　　　　　　　　Movant<br>vs. | NO. 19-12409 ELF |
| Kristie L. Murphy fka Kristie L Myers<br>　　　　　　　　　　Debtor | |
| William C. Miller, Esquire<br>　　　　　　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,184.83,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2019 to October 2019 at $1,016.69/month |
| Late Charges: | July 2019 to October 2019 at $25.17/month |
| Suspense Balance: | $13.61 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$5,184.83** |

2. The Debtor(s) shall cure said arrearages in the following manner;

　　a). On or before October 31, 2019, the Debtor shall make a down payment in the amount of **$3,050.07;**

　　b). Beginning on November 1, 2019 and continuing through April 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,016.69** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$355.80 from November 2019 to March 2020 and $355.76 for April 2020** towards the arrearages on or before the last day of each month at the address below;

　　　　　　　　　　MIDLAND MORTGAGE
　　　　　　　　999 N.W. Grand Boulevard, Suite 100
　　　　　　　　　Oklahoma City, OK 73118-6116

　　c). Maintenance of current monthly mortgage payments to the Movant thereafter.

- 1 -

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:    October 8, 2019                By: */s/ Kevin G. McDonald, Esquire*
                                        Attorney for Movant

Date: October 25, 2019                  _____
                                        Joseph L. Quinn, Esquire
                                        Attorney for Debtor

Date: 10/29/19                          _____
                                        William C. Miller, Esquire    NO OBJECTION
                                        Chapter 13 Trustee            *without prejudice to any
                                                                      trustee rights and remedies.

# ORDER

Approved by the Court this <u>29th</u> day of <u>October</u>, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank

- 3 -